UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHIVON BELTRAN, *individually and as next friend for L.N.R., a minor child*,<br>           *Plaintiff*<br>v.<br><br>THE CITY OF AUSTIN, NIKOLAS WARREN, AND DANIEL LEVINE,<br>           *Defendants* | § § § § § § § § § § | CIVIL NO. 1:22-CV-00015-LY |

## ORDER

Before the Court are Defendants' Opposed Motion to Quash and For Protection as to Plaintiff's Rule 30(b)(6) Notice of Deposition for Defendant City of Austin, filed September 8, 2022 (Dkt. 23), and Plaintiff's Response, filed September 15, 2022 (Dkt. 27). On September 9, 2022, the District Court referred the Motion and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 24.

### I. Background

Plaintiff Shivon Beltran, individually and as next friend of her minor daughter L.N.R., brings this excessive force lawsuit under 42 U.S.C. § 1983 against the City of Austin and Austin Police Department ("APD") Officers Nikolas Warren and Daniel Levine (collectively, "Defendants").

Plaintiff alleges that on June 23, 2021, APD obtained a warrant to search Plaintiff's residence and arrest her son. Plaintiff's Am. Complaint (Dkt. 11), at ¶ 9. When Officers Warren and Levine arrived at Plaintiff's residence, they told Plaintiff, her son, and L.N.R. (then 15 years old) to come out of the house. Plaintiff alleges that she and her son "exited as instructed" without incident and her son was taken into custody. *Id.* ¶¶ 14-16.

1

Plaintiff alleges that Levine then yelled for L.N.R. to come outside of the house. *Id.* ¶ 18. Plaintiff alleges that L.N.R. was "upset by an APD SWAT team surrounding her home to arrest her then-detained brother" and that "Officer Levine repeatedly yelled at her for having a 'bad attitude'" *Id.* ¶ 19. Plaintiff alleges that L.N.R. walked backwards, as she was instructed, "until she feared she might fall" and turned around. *Id.* ¶¶ 20-21. Plaintiff contends that L.N.R. was dressed in pajamas and "obviously unarmed." *Id.* ¶¶ 24-25. Nonetheless, Plaintiff alleges, Levine shouted "impact her" and Warren "shot her with a kinetic projectile fried from his shotgun." *Id.* ¶¶ 26-27. Plaintiff alleges: "The shooting was unreasonable, dangerous, and completely unjustified, as the young girl posed no threat or danger to anyone." *Id.* ¶ 28. Plaintiff alleges that L.N.R. suffered serious injuries as "a proximate consequence of APD and its officers' conduct." *Id.* ¶ 37.

In her Amended Complaint, Plaintiff alleges (1) excessive and conscience-shocking force against Officer Warren; (2) Fourth and Fourteenth Amendment supervisor and bystander excessive force against Officer Levine; (3) punitive damages against Officers Warren and Levine; and (4) a Fourth and Fourteenth Amendment *Monell*[1] claim against the City based on a custom of shooting kinetic projectiles at innocent people and the failure to investigate, discipline, and train its police officers in the use of excessive force.

---

[1] In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Therefore, to establish municipal liability under Section 1983, a plaintiff must show (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 680 (5th Cir. 2021) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

Warren and Levine filed their Answer on August 11, 2022, asserting qualified immunity as an affirmative defense. Dkt. 19. On August 31, 2022, Warren and Levine filed a Motion to Abate Discovery "until the Court rules on their qualified immunity defense." Dkt. 20 at 2. Although Warren and Levine did not move to dismiss on the basis of qualified immunity, they stated in their motion that "Defendants intend to move for summary judgment on their qualified immunity defense." *Id.* On September 16, 2022, the District Court denied the Motion to Abate Discovery because Defendants had yet to file a motion asserting qualified immunity. Dkt. 29.

On August 29, 2022, Plaintiff served on the City a Notice of Deposition and Subpoena Duces Tecum (the "Notice") under Federal Rule of Civil Procedure 30(b)(6), asking the City to produce certain supporting documents and to designate a person to testify about the City's policies, procedures, instructions, and training regarding the use of kinetic projectiles. Dkt. 23-1 at 2-7. The City[2] now moves to quash the Notice under Federal Rule of Civil Procedure 26(c).

## II.    Legal Standard

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that

---

[2] Although all Defendants move to quash the Notice, it was directed to the City alone. Accordingly, the Court limits its analysis to discovery from the City.

'[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). A trial court has broad discretion to determine whether to grant a motion for protective order. *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

### III.   Analysis

The City moves to quash the Notice because (1) Plaintiff did not give the City 30 days to comply with the document request, as required by Federal Rule of Civil Procedure 34, and (2) "no discovery should be conducted until the qualified immunity defense is determined." Dkt. 23 at 6. The Court addresses each of these arguments in turn.

#### A.  Rule 34

Rule 30(b)(2) provides that: "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Rule 34(b)(2)(A) grants the "party to whom the request is directed" 30 days to respond in writing.

Plaintiff scheduled the City's deposition for September 22, 2022, and the Notice was served on August 29, 2022. Dkt. 23-1 at 2, 4. The City argues that the Notice should be quashed because Plaintiff did not give it 30 days to comply with the document request, as required by Rule 34(b)(2)(A). This argument is moot because the Plaintiff has agreed to reschedule the deposition "for a mutually convenient time" in October. Dkt. 27 at 1.

#### B.  Qualified Immunity

The City next argues that the Notice should be quashed because "Defendants have moved to abate discovery pending resolution of the qualified immunity defense." Dkt. 23 at 1. As discussed above, the District Court denied Defendants' Motion to Abate Discovery because Warren and

4

Levine had not filed a motion to dismiss or for summary judgment asserting the defense of qualified immunity, and they still have not done so. Thus, this argument is unavailing.

The City further argues more generally that "no discovery should be conducted until the qualified immunity defense is determined," and also contends that the Notice seeks "information on topics that are wholly unrelated to the qualified immunity defense." *Id.* at 6-7.

Unlike individual government employees, municipalities are not entitled to qualified immunity. *Owen v. City of Indep., Mo.*, 445 U.S. 622, 638 (1980); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). The City is not entitled to avoid discovery merely because Warren and Levine have invoked qualified immunity. "The protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting discovery against all non-immune defendants in his case." *Martin v. Dallas Cnty., Tex.*, 822 F.2d 553, 555-56 (5th Cir. 1987); *see also Ramirez v. Escajeda*, No. EP-17-CV-00193-DCG, 2022 WL 1744454, at *3 (W.D. Tex. May 31, 2022) ("Though distinct contexts, it's worth noting that discovery related to a *Monell* claim is not halted simply because a defendant-officer has appealed an unfavorable ruling on qualified immunity."); *Rhoten v. Stroman*, No. 1:16-CV-00648, 2020 WL 3545661, at *2 (W.D. Tex. June 30, 2020) ("*Iqbal*[3] does not stand for the idea that *all discovery* for *all defendants* must be stayed while waiting for resolution of qualified immunity."); *Mayfield v. Butler Snow LLP*, No. 3:17-CV-514-CWR-FKB, 2017 WL 5616017, at *3 (S.D. Miss. Nov. 21, 2017) ("In this circuit, a district court errs when it stays discovery into a *Monell* claim simply because an individual official has invoked qualified immunity.").

In support of its argument that the Notice should be quashed, the City relies on *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022). In *Carswell*, the district court declined to rule on the

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 663 (2009).

individual officer's qualified immunity defense at the motion to dismiss stage and entered a scheduling order permitting certain discovery of the individual defendants in their capacity as witnesses. The Fifth Circuit held that "the district court abused its discretion by deferring its ruling on qualified immunity and subjecting the immunity-asserting defendants to discovery in the meantime." *Id.* at 1066. The Court reaffirmed that: "Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. It cannot defer that question until summary judgment. Nor can it permit discovery against the immunity-asserting defendants before it rules on their defense." *Id.* The City's reliance on *Carswell* is misplaced because it is not entitled to assert qualified immunity, and the Fifth Circuit's ruling was limited to addressing whether the district court erred in permitting discovery as to the individual defendants who had invoked qualified immunity.

The City identifies no reason the Court should issue a protective order beyond a conclusory allegation that it is entitled to one because Warren and Levine have invoked qualified immunity. *BDO USA*, 876 F.3d at 698 ("The movant bears the burden of showing that a protective order is necessary, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'") (quoting *In re Terra Int'l*, 134 F.3d at 306). Accordingly, the City has failed to carry its burden under Rule 26(c), and Plaintiff may proceed with discovery directed to the City. *See Martin*, 822 F.2d at 555-56 (reversing magistrate court's order preventing discovery against county based on individual defendants' invocation of qualified immunity); *Rhoten*, 2020 WL 3545661, at *4 (allowing plaintiffs to depose city designee during individual officer's interlocutory appeal on qualified immunity); *Mayfield*, 2017 WL 5616017, at *3 (allowing plaintiffs to proceed with discovery against city where individual officers invoked qualified immunity).

## IV.   Conclusion

Because the City has failed to show good cause under Rule 26(c), Defendants' Opposed Motion to Quash and For Protection as to Plaintiff's Rule 30(b)(6) Notice of Deposition for Defendant City of Austin (Dkt. 23) is **DENIED**.

It is **FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the Honorable Lee Yeakel.

**SIGNED** on October 19, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE