UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHIVON BELTRAN, *individually and as next friend for L.N.R., a minor child*,<br>　　　　　*Plaintiff*<br>v.<br>THE CITY OF AUSTIN, NIKOLAS WARREN, AND DANIEL LEVINE,<br>　　　　　*Defendants* | §§§§§§§§§    CIVIL NO. 1:22-CV-00015-LY |

# ORDER

Now before the Court are Defendant's Opposed Motion for Protective Order to Limit in Scope Plaintiff's Rule 30(b)(6) Notice of Deposition, filed December 9, 2022 (Dkt. 35); Plaintiff's Response to Defendant City of Austin's Second Motion for Protective Order, filed December 11, 2022 (Dkt. 38); and Defendant's Reply, filed December 16, 2022 (Dkt. 40). On December 15, 2022, the District Court referred the Motion and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 39.

## I. Background

Plaintiff Shivon Beltran, individually and as next friend of her minor daughter L.N.R., brings this excessive force lawsuit under 42 U.S.C. § 1983 against the City of Austin ("City") and Austin Police Department ("APD") Officers Nikolas Warren and Daniel Levine (collectively, "Defendants"). Plaintiff alleges that L.N.R., then 15 years old, was seriously injured when APD officers shot her with a kinetic projectile fired from a shotgun while arresting her brother at the family home on June 23, 2021.

## II. Procedural History

In her Amended Complaint, Plaintiff alleges (1) excessive and conscience-shocking force against Officer Warren; (2) Fourth and Fourteenth Amendment supervisor and bystander excessive force against Officer Levine; (3) punitive damages against Officers Warren and Levine; and (4) a Fourth and Fourteenth Amendment *Monell*[1] claim against the City based on a custom of shooting kinetic projectiles at innocent people and the failure to investigate, discipline, and train its police officers in the use of excessive force. Dkt. 11.

Warren and Levine asserted qualified immunity as an affirmative defense in their Answer (Dkt. 19) and moved to abate discovery "until the Court rules on their qualified immunity defense." Dkt. 20 at 2. The District Court denied the Motion to Abate Discovery because Defendants had yet to file a motion asserting qualified immunity. Dkt. 29.

On August 29, 2022, Plaintiff served on the City a Notice of Deposition and Subpoena Duces Tecum under Rule 30(b)(6), asking the City to produce certain documents and designate a person to testify on nineteen topics relating to the City's policies, training, and investigations regarding the use of kinetic projectiles. Dkt. 23-1. The City moved to quash the notice under Rule 26(c), asserting that (1) Plaintiff did not give the City 30 days to comply with the document request, as required by Rule 34, and (2) "no discovery should be conducted until the qualified immunity defense is determined." Dkt. 23 at 6. This Magistrate Judge denied the Motion to Quash on

---

[1] In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Therefore, to establish municipal liability under Section 1983, a plaintiff must show (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 680 (5th Cir. 2021) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

October 19, 2022, finding the first argument moot and that the City "is not entitled to avoid discovery merely because Warren and Levine have invoked qualified immunity." Dkt. 34 at 5.

On September 28, 2022, Plaintiff issued her Second Amended Rule 30(b)(6) Notice of Deposition for Defendant City of Austin, renoticing the deposition for November 15, 2022. Dkt. 35-2. The notice identified the same nineteen categories of deposition testimony, including:

> 8. Discipline or review of any APD officer's use of a less lethal shotgun since January 2019, including the names of any person impacted by a less lethal shotgun round fired by an APD officer.
>
> 9. The decision to purchase, the purchase itself, and the maintenance of less lethal shotguns or kinetic projectiles by the City, including all vendors, purchase orders, and accompanying communications.
>
> 19. The investigation of any use of force using a less lethal shotgun since January 1, 2020.

*Id.* at 5-6.

On November 11, 2022, the City served Defendant's Witness Designation, Objections to Deposition Notice and Responses to Plaintiff's Subpoena Duces Tecum (Dkt. 35-3). Relevant here, the City designated two representatives and objected to Topics 8, 9, and 19 as overly broad, disproportionately burdensome, and "not properly limited in time and scope as related to the subject incident." Dkt. 35-3 at 2-3. The City also objected to Topic 9 as vague. *Id.* at 3.

The deposition commenced as noticed on November 15, 2022, but was suspended by Plaintiff's counsel to attend to a family medical emergency and set to resume by agreement on December 13, 2022. Dkt. 38 at 1. The City contends that it "acted in good faith notifying Plaintiff of its objections both before and during the deposition." Dkt. 40 at 4.

On December 6, 2022, Plaintiff served her Third Amended Notice, setting the City's Rule 30(b)(6) deposition to continue on December 13, 2022 and covering the same nineteen topics. Dkt. 35-5. Three days later, the City filed this Motion for Protective Order. Dkt. 35.

### III.     Legal Standard

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). A trial court has broad discretion to determine whether to grant a motion for protective order. *See Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

### IV.     Analysis

Having carefully reviewed the parties' filings, the Court finds that the parties have presented insufficient information to form the basis of a decision or even to determine whether judicial intervention is necessary now. *Cf. Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007) (dismissing motion to compel as premature).

First, the Court agrees with Plaintiff that the City's efforts to confer were inadequate. The City's Certificate of Conference states, in its entirety: "I hereby certify that the undersigned

conferred with Plaintiff's counsel and he is **opposed** to the relief requested in this Motion." Dkt. 35 at 7; Dkt. 40 at 6. This is manifestly insufficient under Local Rule CV-7(g), which states in part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement ***and certifies the specific reason that no agreement could be made***. (emphasis added).

The City fails to specify why no agreement could be reached as to the three identified topics. The Court could deny the City's motion on this basis alone. *See, e.g.*, *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLJ, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that Local Rules require "two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse").

Second, the City argues that the challenged topics are overbroad and "unreasonably burdensome particularly in a corporate representative deposition setting." Dkt. 35 at 5. The City further asserts in its reply brief that "the discovery sought by these topics can be obtained through written discovery, as it is more convenient and less burdensome." Dkt. 40 at 4. The Court agrees that, to the extent the information Plaintiff seeks in Topics 8, 9, and 19 may be relevant and proportional to the needs of the case, written discovery could prove more efficient than deposition testimony. Plaintiff does not address this argument, leading the Court to conclude that the parties have not yet conferred sufficiently as to this alternative.

Finally, Plaintiff's procedural arguments against the City's motion are unavailing. Plaintiff contends that the City's Motion for Protective Order "merely rehashes its earlier motion." Dkt. 38 at 7. The Court disagrees. In its earlier Motion to Quash, the City argued that discovery should not proceed pending determination of the officers' qualified immunity defense; the Court denied the motion. The City now attempts not to abate all discovery, but merely to limit three of nineteen Rule 30(b)(6) deposition topics. The Court also is unpersuaded by Plaintiff's argument that the

City's motion is untimely. The City shows that it has objected to the same three topics since before the deposition, and the deposition has not yet concluded under Plaintiff's Third Amended Notice.

## V.     Order for Joint Advisory

For these reasons, the Court **HEREBY ORDERS** the parties to meaningfully confer in good faith as required by Local Rule CV-7(g), in person or by telephone or videoconference, in an attempt to resolve the issues raised in Defendant's Opposed Motion for Protective Order to Limit in Scope Plaintiff's Rule 30(b)(6) Notice of Deposition (Dkt. 35).

After their conference, the parties are **ORDERED** to **FILE a Joint Advisory to the Court by January 31, 2023**. The Joint Advisory must discuss the parties' conference, inform the Court what issues raised in Defendant's Motion for Protective Order have been resolved, identify any remaining disputed issues requiring resolution by the Court, and briefly set forth the parties' positions on each outstanding issue, with supporting authority.

After considering the Joint Advisory, the Court will determine whether a hearing is necessary to address any issues the parties cannot resolve without Court intervention. If no issues remain, Defendant's Motion will be dismissed as moot.

**SIGNED** on January 13, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE