UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHIVON BELTRAN, *individually and as next friend for L.N.R., a minor child*, | § § § § | |
|                 *Plaintiff* | § | CIVIL NO. 1:22-CV-00015-LY |
| v. | § § | |
| THE CITY OF AUSTIN, NIKOLAS WARREN, AND DANIEL LEVINE, | § § § | |
|                 *Defendants* | § | |

## ORDER

Now before the Court are Defendant's Opposed Motion for Protective Order to Limit in Scope Plaintiff's Rule 30(b)(6) Notice of Deposition, filed December 9, 2022 (Dkt. 35); Plaintiff's Response to Defendant City of Austin's Second Motion for Protective Order, filed December 11, 2022 (Dkt. 38); Defendant's Reply, filed December 16, 2022 (Dkt. 40); and two Joint Advisories Regarding Defendant City of Austin's Motion for Protective Order, filed by order of the Court on February 10, 2023 (Dkt. 43) and March 17, 2023 (Dkt. 45).[1] In its motion, Defendant the City of Austin seeks a protective order as to three of the nineteen categories of deposition testimony Plaintiff identified for the City's Rule 30(b)(6) witnesses (topics 8, 9, and 19), contending that they are overly broad and unduly burdensome.

The Court finds that the City has failed to meet its burden under Rule 26(c) to show good cause for a protective order. *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998). As stated in the Court's Order issued January 13, 2023, the City's efforts to confer before filing were manifestly insufficient under Local Rule CV-7(g) in that the City failed to specify why no agreement between

---

[1] On December 15, 2022, the District Court referred Defendants' motion and related filings to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 39.

1

the parties could be reached. Dkt. 41. Therefore, the motion is denied as premature. *See, e.g.*, *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLJ, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019); *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007).

The two Joint Advisories filed by the parties demonstrate the consequence of their failure to confer. In the first, filed February 10, 2023, the parties state that they have resolved their disagreement regarding deposition topic 9 and "are currently working through document production that may eliminate or reduce the scope of any outstanding issues with respect to topics 8 and 19." Dkt. 43 at 1. The second Joint Advisory – filed more than a month later – adds little, stating that "the parties plan to update the Court on the status of this dispute after the agreed-upon production is reviewed and the parties have conferred further." Dkt. 45 at 2. Neither Joint Advisory complies with the Court's Orders to "discuss the parties' conference." And crucially, neither identifies any issues requiring resolution by the Court.

The parties' filings over the past three months make abundantly clear that the City filed its motion for protective order prematurely and has consumed the Court's resources unnecessarily. The parties are admonished that motion practice must be a "recourse of last resort" in resolving a discovery dispute. *Rainbow Energy Mktg. Corp. v. DC Transco, LLC*, No. 1:21-cv-313-RP, 2022 WL 2820670, at *1 (W.D. Tex. July 18, 2022) (citation omitted); *Draper v. Bank of Am., N.A.*, No. A-11-CA-505-SS, 2012 WL 12878606, at *2 (W.D. Tex. Mar. 8, 2012) ("Neither side should seek determinations from this Court, except as a last resort."). The Court may refuse to hear any further discovery motion by either party that does not comply with Local Rule CV-7(g) by certifying the specific reason no agreement can be reached despite a sufficient "good-faith attempt to resolve the matter by agreement."

Defendant's Opposed Motion for Protective Order to Limit in Scope Plaintiff's Rule 30(b)(6) Notice of Deposition (Dkt. 35) is **DENIED** without prejudice.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

**SIGNED** on March 22, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE